UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIPE NERY GOMEZ,<br>Plaintiff,<br>-against-<br>MORGAN STANLEY/ETRADE, et al.,<br>Defendants. | 1:25-CV-8674 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Felipe Nery Gomez, who asserts that he is a retired attorney (ECF 16, at 10), brings this *pro se* interpleader action seeking what appears to be declaratory relief, injunctive relief, costs and fees, as well as any further relief that may be just and proper.[1] Plaintiff's amended complaint (ECF 14) is the operative pleading for this action.[2] Named as Defendants in Plaintiff's amended complaint are: (1) Morgan Stanley/E*Trade; (2) the Internal Revenue Service ("IRS'); (3) the "Illinois Department of Revenue, Bankruptcy Section," which the Court

[1] Plaintiff asserts that he is a citizen of Illinois. (ECF 16, 9.) According to the "Lawyer Search" search engine within the website of the Attorney Registration & Disciplinary Commission of the Supreme Court of Illinois, **https://perma.cc/2JFA-YEJN**, Plaintiff appears to have been disbarred from the bar of the State of Illinois in 2021. A disbarred attorney appearing *pro se* is not entitled to any of the special solicitude that a *pro se* litigant is normally afforded. *See United States v. Little*, No. 24-2048, 2026 WL 1283988, at *1 (2d Cir. May 8, 2026) (summary order) (citing *Tracey v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010)).

[2] Plaintiff, in his original complaint (ECF 1), amended complaint (ECF 14), and in another submission (ECF 7) reveals a complete financial-account number of another person. Under Rule 5.2(a)(4) of the Federal Rules of Civil Procedure, court submissions that refer to a financial-account number must do so by revealing only the last four digits of that financial-account number. Fed. R. Civ. P. 5.2(a)(4). While a litigant who reveals his own complete financial-account number waives the protection of that rule, *see* Fed. R. Civ. P. 5.2(h), the complete financial-account number that Plaintiff has revealed is not his, but another's. Thus, in an abundance of caution the Court has directed the Clerk of Court to restrict electronic access to the abovementioned court submissions.

understands to be the Illinois Department of Revenue ("IDOR"); (4) "Synchrony Bank by AIS InfoSource LP as agent"; (5) Kevin Besetzny, Esq.; and (6) Frank Kokoszka, Esq.

Among Plaintiff's other submissions filed this action is a "Motion for Leave to File a First Supplemental Complaint *Instanter*, Pursuant to FRCP 15(d) Adding Illinois ARDC and Brian Singer" (ECF 16), which includes a proposed "Supplemental Complaint in Interpleader Adding Illinois ARDC and Brian Singer" (*id.* at 8-19). In his proposed supplemental complaint, Plaintiff attempts to add the Supreme Court of the State of Illinois's Attorney Registration & Disciplinary Commission ("ARDC") and his former client, Brian Singer, as "supplemental Defendants" in this action. (*Id.*)

By separate order dated December 11, 2025, the Court granted Plaintiff leave to proceed without prepayment of fees, that is, leave to proceed *in forma pauperis* ("IFP"). (ECF 6.) For the reasons set forth below, the Court transfers this action to the United States District Court for the Northern District of Illinois.

**BACKGROUND**

In his amended complaint, which states that this is an interpleader action, Plaintiff asserts that the property in controversy is $4,000 in cash, and references the attached copy of a $4,000 check issued by Kokoszka on October 2, 2025, drawn from Kokoszka's account with Webster Bank, N.A., of Jericho, New York. (ECF 14, at 6, 12.) This check appears to have been issued by Kokoszka, a trustee in Plaintiff's bankruptcy action filed in the United States Bankruptcy Court for the Northern District of Illinois, in connection with that bankruptcy action. *In re: Felipe Nery Gomez*, No. 23-3023 (Bankr. N.D. Ill.).

Plaintiff also states that the property in controversy additionally includes "[a]ll non-exempt Gomez money and property, including lawsuits listed in" the abovementioned bankruptcy action, which appear to be Illinois state-court actions. (*Id.* at 6.) He further states that

he "was and is entitled to 100% of the monies held/collected" in the abovementioned bankruptcy action, which he seems to state is more than $24,000, "and that such monies and property should be part of this action." (*Id.*)

With respect to property subject to interpleader, Plaintiff again references the abovementioned $4,000 check, which he "asserts is incorrect, with the correct amount being the entirety of the" Bankruptcy action "liquid assets (at least $24,000)." (*Id.*) He states that the "[c]heck was issued to him by" the bankruptcy action's "private trustee, . . . and has not been deposited. [Plaintiff] was under a State Court order not to do anything with the check, which is now expired, and thus cannot at this time submit it to the Registry." (*Id.*) Plaintiff also references two Illinois state-court actions in which Kokoszka and Besetzny "claim attorney fees." (*Id.*)

In addition, Plaintiff states the following in his amended complaint:

> [Plaintiff] asserts doubt as to underlying Morgan/ETrade and Kokoszka/Besetzny claims as underlying actions were based on fraud, and were without subject matter jurisdiction. . . . Defendant Besetzny's attached email implicates this action, "I suspect . . . other judgement-creditors will be doing the same." . . . [Plaintiff] does not allege impropriety as to either IRS or IDOR, but has doubts as to whom has priority between IRS, IDOR and the Private Claimants, where Besetzny himself anticipates others actively pursuing [Plaintiff], a 66 [year-old] retiree with a minimal fixed [Social Security] payment[s] and no wages, income or assets other than that already publicly known by way of [the bankruptcy action. Plaintiff] alleges inter[]alia self dealing related to [the bankruptcy action] as to the invalidity of the Kokoszka/Besetzny claims.

(*Id.*)

In the proposed supplemental complaint, Plaintiff asserts, in attempting to add the ARDC and Singer as Defendants, that the "ARDC . . . , on June 5, 2026, awarded $40,000 to Brian Singer under its Client Protection Program . . . , failing to abide by [11 U.S.C. § 362] as to [Plaintiff's] ongoing Chapter 7 bankruptcy [action], and prosecuting Singer's claims without obtaining lift of stay, potentially voiding the award *in toto*." (ECF 16, at 9.)

Plaintiff describes Singer as:

> on information and belief, an individual and a citizen of the State of Illinois . . . who was named as a debtor to [Plaintiff] in the . . . [abovementioned bankruptcy action], had knowledge of the bankruptcy, and failed to abide by [the 11 U.S.C. § 362] stay, as well as fail[ed] to submit his pre-bankruptcy claim to [that bankruptcy action], and instead evaded the bankruptcy to claim the entire $40,000 himself, to the detriment of the [bankruptcy-action] creditors that duly filed proofs of claim.

(*Id.*)

**DISCUSSION**

The applicable venue provision for an interpleader action is found at 28 U.S.C. § 1397, which provides that "[a]ny civil action of interpleader or in the nature of interpleader . . . may be brought in the judicial district in which one or more of the claimants reside." 28 U.S.C. § 1397. For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[3] *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendant Morgan Stanley/E*Trade is incorporated in the State of Delaware, and has its principal place of business in New York, New York (ECF 14, at 5), within this judicial district.[4] Thus, it would appear that Morgan Stanely/E*Trade resides within this

---

[3] For venue purposes, with respect to the residence of a defendant that is a corporation:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

[4] This judicial district, the Southern District of New York, is comprised of the following

judicial district, *see* 28 U.S.C. § 112(b), and within the District of Delaware, *see* 28 U.S.C. § 87 (the State of Delaware constitutes one federal judicial district). Thus, by virtue of Morgan Stanley/E*Trade's residencies, this court and the United States District Court for the District of Delaware are both proper venues for this interpleader action. *See* § 1397. It would seem, however, that there are additional proper venues for this action by virtue of the residencies of the other Defendants. For example, since Defendants Besetzny and Kokoszka (as well as the ARDC and Singer) reside in Chicago, Cook County, Illinois (*see* ECF 14, at 2, 5; ECF 16, at 9), the United States District Court for the Northern District of Illinois is also a proper venue for this interpleader action.[5] *See* 28 U.S.C. §§ 93(a)(1), 1397.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a jurisdiction where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C.

---

New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

[5] Defendant IRS is headquartered in the District of Columbia. *E.g.*, *Agrama v. IRS*, 272 F. Supp. 3d 42, 45 (D.D.C. 2017), *aff'd*, No. 17-5256, 2019 WL 2067719 (D.C. Cir. Apr. 19, 2019). It therefore resides there. *See New York v. Pruitt*, Nos. 1:18-CV-1030 (JPO), 1:18-CV-1048 (JPO), 2018 WL 2411595, at *3 (S.D.N.Y. May 29, 2018) (citing, *inter alia*, *Reuben H. Donnelley Corp. v. FTC*, 580 F.2d 264, 267 (7th Cir. 1978)); *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp. 2d 454, 463-64 (S.D.N.Y. 2005) (Marrero, D.J.) (quoting *Reuben H. Donnelley Corp.*, 580 F.2d at 267). Accordingly, the United States District Court for the District of Columbia is also a proper venue for this interpleader action. *See* 28 U.S.C §§ 87, 1397.

Because Defendant "Synchrony Bank by AIS InfoSource LP as agent" appears to reside in Oklahoma City, Oklahoma (ECF 14, at 2), it would further appear that the United States District Court for the Western District of Oklahoma is additionally a proper venue for this interpleader action. *See* 28 U.S.C. §§ 116(c), 1397. And because Defendant IDOR appears to be an Illinois state agency residing in all of the federal judicial districts within the State of Illinois, it would also appear that the United States District Courts for the Northern, Central, and Southern Districts of Illinois are proper venues for this interpleader action. *See* 28 U.S.C. §§ 93, 1397.

§ 1404(a). This includes interpleader actions. *See U.S. Life Ins. Co. v. Silverstein*, No. 94-CV-1417 (JFK), 1994 WL 592557, at *2 (S.D.N.Y. Oct. 28, 1994). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer of this action to the United States District Court for the Northern District of Illinois appears to be appropriate. Almost all, if not, all of the alleged events occurred, and at least some of the Defendants reside, within the Northern District of Illinois. Thus, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Northern District of Illinois appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Court directs the Clerk of Court to transfer this interpleader action to the United States District Court for the Northern District of Illinois. *See* 28 U.S.C. §§ 1397, 1404(a). Whether Plaintiff should be granted the relief he seeks in his pending motions and requests are

determinations to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court. Thus, the Court also directs the Clerk of Court to terminate ECF 7, 13, 15, and 16 on the docket of this action in this court. This Court defers to the transferee court as to whether to maintain the abovementioned restrictions on electronic access to certain court submissions.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 13, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge