UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIPE NERY GOMEZ,<br>Plaintiff,<br>-against-<br>MORGAN STANLEY/ETRADE, et al.,<br>Defendants. | 1:25-CV-8674 (LTS)<br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated August 13, 2026, and entered on August 17, 2026, the Court transferred this *pro se* interpleader action *sua sponte*,[1] under 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of Illinois.[2] (ECF 17.) On August 21, 2026, Plaintiff filed a "motion to reconsider 8.17.26 choice of transfer venue and to modify order to transfer to NJD or DCC instead of NDIL." (ECF 19.) The Court understands this motion as one seeking reconsideration, under Local Civil Rule 6.3, of the Court's August 13, 2026 order transferring this *pro se* interpleader action *sua sponte* to the United States District Court for the Northern

[1] The record of this action was transmitted to the transferee court on August 25, 2026. The transferee court has acknowledged receipt of that record.

[2] On August 15, 2026, and entered on August 19, 2026, Plaintiff filed in this court a "Notice of Concurrent Chose in Action and Tender of Conditional Equitable Interest under FRCP 67." (ECF 18) In that submission, he gave "notice to the Court and to all interpleaded Defendants regarding an existing, unliquidated potentially significant asset, a [cause] of action of Plaintiff against an insurer of one of the claimants here." (*Id.* at 1.) As he did with respect to other submissions filed in this action, in this submission, Plaintiff again reveals a complete financial account number of another person. Under Rule 5.2(a)(4) of the Federal Rules of Civil Procedure, court submissions that refer to a financial account number must do so by revealing only the last four digits of that financial account number. Fed. R. Civ. P. 5.2(a)(4). While a litigant who reveals his own complete financial account number waives the protection of that rule, *see* Fed. R. Civ. P. 5.2(h), the complete financial account number that Plaintiff has revealed is not his, but another's. Thus, in an abundance of caution the Court has directed the Clerk of Court to, as the Clerk has done with respect to other submissions filed in this action, restrict electronic access to this court submission.

District of Illinois.[3] For the reasons discussed below, the Court denies this motion for reconsideration.

**DISCUSSION**

A party who seeks reconsideration relief under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (Marrero, D.J.). The standard governing relief sought under Local Civil Rule 6.3 and relief sought under Rule 59(e) of the Federal Rules of Civil Procedure is the same. *Id.* at 508. "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000) (Sprizzo, D.J.); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) (Lynch, D.J.) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which . . . [the moving] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling." (internal quotation and citations omitted)).

Plaintiff has failed to demonstrate that this Court has overlooked any controlling decisions or factual matters previously presented to this Court with respect to its decision to

[3] As discussed in this Court's previous order, Plaintiff is a disbarred attorney appearing *pro se*. (ECF 17, at 1 n.1.) He is, therefore, not entitled to any of the special solicitude that a *pro se* litigant is normally afforded. *See United States v. Little*, No. 24-2048, 2026 WL 1283988, at *1 (2d Cir. May 8, 2026) (summary order) (citing *Tracey v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010)).

transfer this action *sua sponte* to the United States District Court to the Northern District of Illinois. Accordingly, the Court denies this motion for reconsideration.[4]

## CONCLUSION

The Court denies Plaintiff's motion to reconsider the Court's August 13, 2026 order to transfer this action *sua sponte* to the United States District Court for the Northern District of Illinois. The Court therefore directs the Clerk of Court to terminate ECF 19.

---

[4] Among the reasons for Plaintiff seeking reconsideration is his belief that the transferee court will be unable to adjudicate this action because of a filing injunction issued by the United States Court of Appeals for the Seventh Circuit. (ECF 19, at 2-4, 7-8.) In an order dated December 9, 2025, that Court of Appeals directed that, "unless and until [Plaintiff] pays all outstanding filing fees and sanctions, the clerks of all federal courts in [the Seventh Circuit] are directed to return unfiled any papers submitted either directly or indirectly by him or on his behalf." *E*Trade Secs. LLC* v. *Gomez*, No. 21-1597 (7th Cir. Dec. 9, 2025), *cert. denied*, No. 25-7197 (June 1, 2026). That order also stated that the filing injunction

> will be lifted immediately once [Plaintiff] makes full payment. If [Plaintiff], despite his best efforts, is unable to pay in full all outstanding sanctions and filing fees, no earlier than two years from the date of this order he is authorized to submit to this court a motion to modify or rescind this order.

(*Id.* (citations omitted)).

In his motion, Plaintiff "sincerely apologizes to this Court for not disclosing this filing restriction in the initial complaint; it was omitted solely because it did not directly relate to the substantive factual allegations concerning the interpleader stake." (ECF 19, at 2.) Plaintiff, however, filed his complaint in this court on October 17, 2025, before the Seventh Circuit issued the above-quoted filing injunction on December 9, 2025. In addition, according to the specifics of that filing injunction, the Seventh Circuit will lift it immediately upon payment of the relevant fees and sanctions and, if Plaintiff is unable to pay them, he may move in that court to lift or modify that filing injunction no earlier than two years from the date of the issuance of that order. Thus, it seems that the transferee court will be able to adjudicate this action, should Plaintiff comply with the Seventh Circuit's order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 2, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge